## Hollen v. Commonwealth.

(Decided September 24, 1919.)

### Appeal from Leslie Circuit Court.

1. Criminal Law—Justices of the Peace.—A magistrate in conducting an investigation under sec. 32 Criminal Code is authorized to administer an oath and require the testimony of any person present, whether such person appears through coercive process or merely happens to be in the magistrate's presence.

2. Criminal Law—Justices of the Peace.—The statute does not provide just how such an investigation shall be conducted or that any formal record shall be made thereof.

3. Criminal Law—Justices of the Peace.—Summons not a necessary pre-requisite to give a magistrate authority to hold an investigation or administer an oath under section 32 Criminal Code.

4. Criminal Law—Indictment for False Swearing.—Indictment charging defendant with false swearing in an investigation before a magistrate under sec. 32, C. C., not defective because of failure to state that a summons was issued against defendant before the oath was administered, such summons not being necessary.

CLEON K. CALVERT for appellant.

CHARLES H. MORRIS, Attorney General, and OVERTON S. HOGAN, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

Appellant was convicted under sec. 1174 of the Kentucky Statutes of the crime of false swearing, and urges as errors for reversal several rulings of the trial court, the basis of all of which is that a magistrate, before he is authorized to administer an oath under section 32 of the Criminal Code, must issue a summons against the person to be sworn; that without such summons having been issued and served the magistrate has no power to conduct an examination or administer an oath as therein provided. The applicable portion of section 32 of the Criminal Code is as follows:

"A magistrate, if satisfied that any public offense has been committed, shall have power to summon before him any person he may think proper for examination on oath concerning it, to enable him to ascertain the offender, and to issue a warrant for his arrest."

It is admitted that the magistrate was without authority to administer the oath to appellant of which complaint is made unless under this provision of the code. It is further admitted that the oath was administered to appellant by the magistrate immediately after he had concluded the trial of a peace warrant; that at the conclusion of that trial appellant was called before the magistrate and sworn to answer truthfully such questions as might be asked him, and that there is sufficient evidence to sustain the verdict if the magistrate had power to administer the oath. It is, of course, true that a defendant in a civil action cannot in any way be bound until a summons has been issued and executed upon him, and that a defendant in a criminal action cannot be proceeded against until a summons or warrant has been issued and served upon him, but the proceeding authorized by section 32 of the code is neither a civil nor criminal proceeding against the party to be brought before the magistrate for examination. The action authorized is not a proceeding against or directed toward him, but is a more or less informal proceeding authorized to enable the magistrate as an officer of the law to obtain information that will enable him to take the necessary steps to institute a criminal action against whomever may have committed a public offense whenever the magistrate is satisfied that such an offense has been committed. In furtherance of this object the magistrate is by the code provision empowered to examine witnesses under oath; and it is to compel their attendance and submission to an inquiry under oath, as witnesses, not to initiate the investigation, that the magistrate is empowered to issue the summons referred to. It is, therefore, clear that it was not the purpose of the legislature to make the summons a necessary initial step to start the investigation and that the power to issue summons was granted merely as a necessary incident to such an investigation when in the judgment of the magistrate he was satisfied that a public offense had been committed.

We are, therefore, clearly of the opinion that the issuance of a summons is not a formal prerequisite to an investigation such as the magistrate by this section of the

code is authorized to make, and that he may, when satisfied that a public offense has been committed, legally administer an oath not only to those whose attendance has been coerced but to those as well who appear voluntarily or may happen to be in his presence at the time he is making such an investigation.

The statute does not provide just how the investigation shall be conducted, or that any formal record shall be made thereof, and we shall not attempt to define what, if any, formalities or record shall attend such an investigation, but we do hold that the magistrate may at the completion of the trial of a case legally pending before him, and before adjournment of court hold such an investigation and administer an oath in reference to the matter to be investigated to such witnesses as he may desire to interrogate who are present, whether as a result of coercive process or not. It, therefore, results the trial court did not err in holding that the magistrate had the power to administer the oath to appellant although he had not been summoned to appear; and, as a summons was not necessary to give him authority to hold the investigation or administer the oath, that the court did not err in holding upon motion in arrest of the judgment that the indictment was not defective because of its failure to state that a summons was issued against the defendant before the oath was administered.

Wherefore, the judgment is affirmed.